UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

QUINCEY B. CARPENTER                                                          PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 3:18CV613-TSL-RHW

SECY. OF STATE
U.S. STATE DEPT.                                                              DEFENDANT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Plaintiff Quincey B. Carpenter, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 civil rights complaint alleging violations of his 1st and 14th Amendment rights under the U.S. Constitution. Doc. [1] at 1. The only named defendant is the U.S. Secretary of State. The Court granted Plaintiff's motion to proceed *in forma pauperis*. Doc. [3]. Thus, his lawsuit falls under the provisions of 28 U.S.C. § 1915(e)(2)(B), which permits the Court "to dismiss the case at any time if the court determines that" the lawsuit is frivolous or fails to state a claim on which relief may be granted.

In the complaint, Plaintiff alleges that Hinds County District Attorney Robert Smith and Hinds County Youth Court Judge Skinner kidnapped his children, who are now being held hostage by Caucasian woman named Christy (last name unknown). Doc. [1] at 4-5. Plaintiff further alleges that unnamed Jackson City Police officers have hunted and attempted to murder Plaintiff. *Id.* at 5. Agents of the Mississippi Attorney General have forced Plaintiff into homelessness and refugee status. *Id.* He further alleges that a network of White Christian females ("We Will Go Ministries") from "Galloway Church" in Jackson, Mississippi is "seeking to force Christain [sic] marriage on the plaintiff to a white Christain [sic] female using Klu [sic]

Klux Klan tactics." *Id.* By doing so, these White Christian females are attempting to take custody of Plaintiff's "Black Hebrew American children." *Id.* Plaintiff contends that his federal benefits have been stolen by "Christy" and the Hinds County District Attorney. Plaintiff alleges he filed a voting rights lawsuit in 2013 and, apparently, was incarcerated and falsely accused of rape and murder as a result. *Id.* at 6. According to Plaintiff, a false conviction was applied to Plaintiff's record without his knowledge. *Id.*

Plaintiff alleges a variety of other outrages, including theft of his homes, theft of his veterans' benefits, and theft of his social security benefits. He alleges he has been assaulted, shot at, and stabbed. *Id.* According to Plaintiff, he "was kidnapped and informed he will be held until he marries a white female." *Id.* "Respondent" has "failed to protect him from anti-semetic [sic], racial abuse." *Id.* Plaintiff asserts that he is a black Hebrew Rastafari being denied his right to vote, right of free association, and right to various religious freedoms. Among the religious freedoms, he is being denied the right to polygamous marriage, right to marijuana use, and right to inter-faith marriage with "Islamic Rastafaris". *Id.* at 7. According to Plaintiff, he and his children have been forced to bow before the Christian cross while being denied the right to promote the Star of David. *Id.* Plaintiff further alleges a conspiracy to force him to accept Christianity, to deny his right to vote, and to deny him access to court. *Id.* Plaintiff further alleges that his death was staged to secure his kidnapping and rape. *Id.*

Setting aside the rather extraordinary nature of Plaintiff's allegations, he makes no specific factual allegations against the only named Defendant in this lawsuit—the Secretary of State for the United States of America. The only individuals alleged to have committed misdeeds against Plaintiff are Hinds County District Attorney Robert Smith; Hinds County Youth Court Judge Skinner; unnamed City of Jackson police officers; Christy (last name

unknown); and unnamed members of "We Will Go Ministries" at "Galloway Church" in Jackson, Mississippi. None of these individuals works for the U. S. State Department or falls under the authority of the U.S. Secretary of State. Plaintiff does not allege any misconduct by the U.S. Secretary of State. In his prayer for relief, Plaintiff merely requests that the U.S. Secretary of State "allow the plaintiff to seek asylum outside the United States." *Id.* at 9. The undersigned is unable to find any authority by which the U.S. Secretary of State is empowered to compel another sovereign nation to give asylum to a United States citizen who claims refugee status from his native country. Plaintiff has failed to state a claim against the U.S. Secretary of State; therefore, the undersigned recommends that the complaint be dismissed.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's 42 U.S.C. § 1983 civil rights complaint be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen

(14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 14th day of January 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE